

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,159-01

### EX PARTE EZEQUIEL NEVELLY RUIZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-23496-M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.  ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant originally pleaded guilty to kidnapping in exchange for six years' deferred adjudication community supervision.  His guilt was later adjudicated and he was sentenced to ten years' imprisonment, but he was granted "shock" probation pursuant to Article 42.12, Section 6(a) of the Texas Code of Criminal Procedure.  His "shock" probation was eventually revoked and he was sentenced to ten years' imprisonment.

Applicant contends, among other things, that his counsel rendered ineffective assistance for

for various reasons. Applicant alleges that his plea (presumably his original plea of guilty) was not knowingly and voluntarily entered because he was never advised of the difference between deferred adjudication and "straight" probation. He alleges that had he known that he could receive a sentence longer than the original period of deferred adjudication, he would have accepted an earlier offer for the minimum sentence of imprisonment instead of deferred adjudication. The plea papers signed by Applicant indicate that he was advised that if he received deferred adjudication and was later adjudicated guilty, the full range of punishment would be available to the trial court. However, there is nothing in the habeas record to show whether a plea offer involving the minimum prison time was offered and rejected by Applicant, and if so, whether he was advised by counsel to accept or reject the offer.

Applicant alleges that there was a cell phone containing text messages from the complainant asking Applicant to pick her up, and (according to Applicant) proving that he did not kidnap her. However, the cell phone could not be found prior to trial, and Applicant therefore "began considering plea bargains." Applicant alleges that years later the cell phone was found among his stored property, and that he now has newly-available evidence of actual innocence.

Applicant also alleges that his counsel at sentencing was substituted in at the last minute, and was unprepared for the sentencing proceeding. Applicant alleges that he was denied his right to appeal, because although he expressed a desire to appeal after sentencing, his attorney did not file notice of appeal on his behalf.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's original plea counsel and his counsel at sentencing afer revocation of "shock" probation to respond to Applicant's claims of ineffective assistance of counsel.

Applicant's original plea counsel shall state whether Applicant was advised of the difference between deferred adjudication community supervision and "straight" community supervision. Plea counsel shall state whether the State extended an offer at any time involving the minimum prison sentence, and if so, whether counsel advised Applicant to accept or reject such offer. Plea counsel shall also state whether Applicant ever advised counsel of the existence of potentially exculpatory text messages, and if so, whether counsel took steps to investigate the existence of such text messages.

Applicant's counsel at sentencing after revocation of "shock" probation shall state whether he had an opportunity to meet with Applicant to discuss the proceeding, and whether he was prepared for the revocation and sentencing. Counsel shall state whether Applicant was advised of his right to appeal, and if so, whether Applicant expressed a desire to appeal. If Applicant did express a desire to appeal, counsel shall state whether he filed notice of appeal on Applicant's behalf or advised the sentencing court of Applicant's desire to appeal, and asked to withdraw from the representation.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a copy of the certification of the defendant's right to appeal in this case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's original plea counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact as to whether exculpatory evidence in the form of text messages on Applicant's cell phone has been discovered, and if so, when. The trial court shall make findings of fact as to whether the performance of Applicant's counsel at the revocation of his "shock" probation and sentencing was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant was denied his right to a meaningful appeal because Applicant's sentencing counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish